# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONT E. WALLACE,

                         Plaintiff,

v.

LINDA A. ROESLER,

                         Defendant.

Case No. 17-CV-671-JPS

**ORDER**

      Plaintiff Lamont E. Wallace, who is incarcerated at Green Bay Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). Plaintiff subsequently filed an amended complaint, modifying slightly his allegations against Defendant. (Docket #7). The amended complaint supersedes the first complaint and is the governing pleading in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $1.38. *See* 28 U.S.C. § 1915(b)(1).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on August 9, 2015, he was taken into custody at the Milwaukee Secure Detention Facility, presumably by request of Defendant, a "probation and parole supervisor." (Docket #7 at 2). Plaintiff complained that his detention was illegal because Defendant had failed to sign the written order directing that he be taken into custody. *Id.* Three days later, Defendant signed the order. *Id.* at 2-3. However, in retaliation for Plaintiff having complained about the unsigned order, Defendant altered her order to include new, more severe, reasons for detaining him, including that he was dangerous. *Id.* at 3. Plaintiff states that these changes led "to

him receiving the maximum time available for reconfinement[,]" on parole revocation. *Id.* Plaintiff brings three claims based on these facts: false imprisonment for the time he spent in custody without an authenticated custody order; retaliation for exercising his First Amendment right to lodge a complaint about Defendant; and violation of his Fourteenth Amendment Due Process rights based on Defendant's "arbitrary" modification to her custody order. *Id.* Plaintiff seeks compensatory and punitive damages totaling $50,000.00. *Id.* at 4.

Plaintiff cannot proceed on his claims against Defendant because she is protected by absolute quasi-judicial immunity. Absolute immunity for judicial acts was recognized at common law "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error and to protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Richman v. Sheahan*, 270 F.3d 430, 434–35 (7th Cir. 2001) (quotation and internal punctuation omitted). Importantly for this case, the absolute immunity afforded to judges also applies to the "quasi-judicial conduct" of non-judicial officials "whose official duties have an integral relationship with the judicial process." *Id.* at 435.

The Seventh Circuit applies a "functional approach" to determine whether a government official is entitled to absolute immunity. *Wilson v. Kelkhoff,* 86 F.3d 1438, 1443 (7th Cir. 1996). That is, courts look to the "nature of the function performed, not the identity of the actor who performed it" when deciding whether absolute immunity is appropriate. *Id.* Under the functional approach, both a judge performing "truly judicial acts" as well as officials performing "functionally comparable" acts in other contexts are

accorded absolute immunity. *Id.* (citing *Forrester v. White,* 484 U.S. 219, 229 (1988); *Butz v. Economou,* 438 U.S. 478, 512 (1978)).

The decisions of parole board members to grant, deny, or revoke parole are absolutely immune from damages liability. *Walrath v. United States,* 35 F.3d 277, 281 (1994). In addition, activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action" are also entitled to absolute immunity. *Id.* at 282 (citation omitted). For example, the Seventh Circuit affirmed application of absolute immunity for a senior case analyst employed by the United State Parole Commission who was accused of issuing an arrest warrant for a parole revocation without probable cause. *Walrath*, 35 F.3d at 282. In finding that the analyst was entitled to absolute immunity, the court noted that the issuing of an arrest warrant for a parole violation has many judicial characteristics: "it involves the exercise of discretion in applying the law to the facts of a particular case, poses a heightened risk of vexatious litigation, and is open to correction through ordinary mechanisms of review." *Id.*; *see also Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (affirming application of immunity for a parole agent who placed a "parole hold" on the plaintiff and recommended revocation for violating a condition of his parole).

Defendant's alleged actions in this case fall squarely within the class of conduct for which absolute immunity is provided. Defendant's actions are nearly identical to those of the senior case analyst in *Walrath* who, upon learning from a probation officer that the plaintiff had violated a condition of his probation, caused a warrant to issue for the plaintiff's arrest. *Walrath*, 35 F.3d at 279. Similarly here, Plaintiff alleges that Defendant, a parole supervisor, issued an order that caused him to be taken into custody and

then revised that order to include additional bases for the revocation of his parole. As the Seventh Circuit noted in *Walrath*, the "discretionary decision" of a supervisory parole officer "that there [is] probable cause to believe that [the plaintiff] had violated his parole" is quasi-judicial, and therefore immune from suit. *Id.* at 282. Plaintiff cannot recover damages from Defendant for her decision to have him taken into custody for parole violations, regardless of whether Plaintiff believes her reasons were unfounded or exaggerated. Any error in Defendant's order was correctable by the state's appellate procedures. *See Richman*, 270 F.3d at 434–35.[1]

Plaintiff has failed to state a claim on which relief can be granted, and therefore his action must be dismissed. 28 U.S.C. § 1915A(b)(1). Generally, courts should grant litigants, especially *pro se* litigants, leave to amend after dismissal of the first complaint "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (emphasis in original). In this case, the Court finds that allowing Plaintiff to amend his complaint would be futile, because the factual underpinnings of Plaintiff's alleged injuries stemming from Defendant's conduct cannot form

---

[1]Even apart from the issue of immunity, Plaintiff's claims also appear to be barred for an independent reason. The Seventh Circuit's decision in *Heck v. Humphrey* bars civil damages actions where a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 486-87 (1994). In other words, a plaintiff cannot seek money damages for an alleged constitutional violation that led to his incarceration. To bring such a claim, Plaintiff must "demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Plaintiff has not alleged that his incarceration stemming from Defendant's custody order has since been invalidated. His damages claims, success on which would imply that his initial detention and his subsequent sentence are invalid, are therefore barred. The Court need not reach this conclusion, however, as dismissal is appropriate based on the immunity issue explained herein.

the basis of a claim for damages; Defendant is entitled to immunity for the function she performed in the course of Plaintiff's parole revocation. The Court's dismissal will therefore be with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge